**REVERSE and REMAND; Opinion issued January 16, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-10-00892-CR

---

## THOMAS BENTON SINGER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court No. 5
Dallas County, Texas
Trial Court Cause No. MB07-49876-F**

---

## MEMORANDUM OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion by Justice Justice O'Neill

Appellant Thomas Benton Singer appeals his conviction for driving while intoxicated (DWI). In a single issue, appellant contends he is entitled to a new trial because part of the record has been lost or destroyed. For the following reasons, we reverse appellant's conviction and remand for a new trial.

Appellant filed a pretrial motion to suppress seeking suppression of all evidence obtained as a result of his warrantless DWI stop. Following an evidentiary hearing, the trial court denied appellant's motion to suppress. The trial court entered findings of fact and conclusions of law to support its denial of the motion. Appellant subsequently pleaded guilty to the indictment

1

pursuant to a plea bargain agreement. The trial court certified appellant's right to appeal rulings raised by written motion and ruled on before trial. Appellant appealed the trial court's ruling on the motion to suppress and timely requested the reporter's record from the hearing on the motion to suppress. However, no such record was ever filed.

In a single issue, appellant contends he is entitled to a new trial because the reporter's record was lost or destroyed through no fault of his own. Texas Rule of Appellate Procedure 34.6(f) provides that an appellant is entitled to a new trial (1) if the appellant has timely requested a reporter's record; (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed; (3) if the lost or destroyed record is necessary to the appeal's resolution; and (4) if the lost or destroyed record cannot be replaced by agreement of the parties. TEX. R. APP. P. 34.6(f).

When the court reporter failed to file the reporter's record, we abated this appeal to allow the trial court to conduct a hearing to determine why no reporter's record had been filed. The trial court held a hearing in accordance with our order. At the hearing, the court reporter testified she received a request for the reporter's record and that, after a diligent search, she could not locate the record. The trial court determined the notes from the hearing were not available and cannot be transcribed. We reinstated the appeal, adopted the trial court's findings, and concluded there would be no reporter's record in this appeal.

According to the State, no reporter's record is necessary for this Court to resolve the appeal because the only issue appellant is permitted to appeal is the order on the motion to suppress and the trial court's findings of fact and conclusions of law are alone sufficient to enable this Court to review that order. The State then outlines the trial court's findings of fact and asserts the findings support the trial court's ruling. The State's argument ignores the

2

requirement that the trial court's findings of fact be supported by the record. *See Miller v. State*, ___ S.W.3d ___, 2012 WL 5869416, * 6 (Tex. Crim. App. 2012). In particular, an appellant is permitted to challenge a suppression ruling by showing the trial court's fact findings are not supported by the record. *See id.* Without a record of the hearing on the motion to suppress, it is impossible for appellant to make such a challenge or for this Court to review the trial court's ruling. Because we conclude a statement of facts is necessary to our resolution of this appeal, we reverse the trial court's judgment and remand for a new trial.

MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

100892F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

Thomas Benton Singer, Appellant

No. 05-10-00892-CR     V.

The State of Texas, Appellee

On Appeal from the County Criminal Court No. 5, Dallas County, Texas
Trial Court Cause No. MB07-49876-F.
Opinion delivered by Justice O'Neill.
Justices FitzGerald and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 16th day of January, 2013.

MICHAEL J. O'NEILL
JUSTICE